**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOHN ADAMS,

               Petitioner,          Case No. 2:26-cv-11772

v.                            Hon. Brandy R. McMillion
                               United States District Judge

ERIC RARDIN,

               Respondent.

_____/

**OPINION AND ORDER DISMISSING**
**PETITION FOR A WRIT OF HABEAS CORPUS (ECF NO. 1)**

Petitioner John Adams ("Adams") is confined at the Federal Correctional Institution in Milan, Michigan ("FCI-Milan") and seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  *See* ECF No. 1.  Proceeding *pro se*, Adams challenges several conditions of his confinement at FCI-Milan.  *See id.* at PageID.3-8.  For the reasons that follow, the petition is **DISMISSED WITHOUT PREJUDICE**.

**I.**

Adams pleaded guilty in the United States District Court for the Eastern District of Pennsylvania to two counts of sex trafficking of a minor and aiding and abetting, 18 U.S.C. §§ 1591 and 1592, tampering with evidence 18 U.S.C. § 1519, tampering with a witness 18 U.S.C. § 1512(b)(3), and two counts of making false statements, 18 U.S.C. § 1001.  *See United States v. Adams*, No. 2:21-cr-00144-GAM-1, 2024 WL 1743753 (E.D. Pa. Apr. 23, 2024), *aff'd*, 132 F.4th 259, 262 (3d Cir. 2025).  He is currently

1

serving a sentence of three hundred months incarceration.  *See Adams*, 132 F.4th at 263.  In his petition, Adams alleges that prison officials have denied him access to the courts, violated his First Amendment right to freely exercise his religion, arbitrarily imposed restrictions on email access, and violated his right to equal protection.  *See* ECF No. 1, PageID.3-8.

## II.

Federal habeas relief is subject to a specific set of rules.  *Mayle v. Felix*, 545 U.S. 644, 654 (2005).  Promptly after the filing of a habeas petition, the Court must undertake a preliminary review to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4, Rules Governing § 2254 Cases (applicable to petitions under § 2241 pursuant to Rule 1(b)).  If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition.  *See Pillow v. Burton*, 852 F. App'x 986, 989 (6th Cir. 2021) (district court has duty to "screen out" petitions that lack merit on their face).

## III.

After further review, the Court concludes this habeas corpus petition must be dismissed.  Adams filed his application for habeas relief under 28 U.S.C. § 2241.  Section 2241 authorizes district courts to issue a writ of habeas corpus to a state or federal prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  But § 2241 is not the proper vehicle for

2

prisoners to challenge the conditions of their confinement.  *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013).  Claims challenging the conditions of confinement fall outside the "core" of habeas corpus and are therefore not cognizable in a habeas action brought pursuant to 28 U.S.C. § 2241.  *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).  Instead, such claims must be brought in a civil action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  *See Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004).

Adams does not challenge the fact or duration of his confinement or seek relief from custody.  Instead, he challenges the conditions under which he is confined.  *See* ECF No. 1, PageID.3-8.  Because such claims are not cognizable under § 2241, the Court must dismiss the habeas action without prejudice so that he may, if he chooses, pursue them in a properly filed *Bivens* action.  *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

## IV.

Accordingly, the petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.  The Court denies Petitioner leave to proceed on appeal *in forma pauperis* because any appeal would be frivolous.  *See* Fed. R. App. P. 24(a).

***This is a final order that closes this case.***

**IT IS SO ORDERED.**

Dated: June 26, 2026                                  s/Brandy R. McMillion
      Detroit, Michigan                          HON. BRANDY R. MCMILLION
                                        United States District Judge